MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARNELL VAUGHN, | ) |
|     Plaintiff, | ) |
| v. | ) No. 3:17-cv-01146 |
| | ) Judge Trauger |
| CORE CIVIC, INC., et al., | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Darnell Vaughn is an inmate at the Metro Davidson County Detention Facility in Nashville. He has filed *pro se* a prisoner complaint (Doc. No. 1) brought pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Doc. No. 5).

It appears from his application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application is **GRANTED.** The Clerk shall file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding

monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The defendant, Core Civic, Inc., is a privately held corporation under contract with the Metropolitan Government of Nashville and Davidson County to operate the Metro Davidson County Detention Facility. In that capacity, this defendant acts under color of state law and is subject to suit under 42 U.S.C. § 1983. Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996).

According to the complaint, the Metro Davidson County Detention Facility is currently experiencing an outbreak of scabies.[1] The plaintiff does not specifically allege that he has been infected with scabies. However, he avers that medical personnel gave him six pills. Docket Entry No. 1 at 5. The plaintiff further alleges that the defendant, Pamela Hayes, "made me sighn [sic] papers saying I did not have scabies or I would be taken to segregation." *Id.*

The plaintiff asserts that the outbreak of scabies at the facility is "due to women being brought here without being sanitized." *Id.* He states that the defendants, Pamela Hayes and Warden Charlie Peterson, knew what was going on but failed to have female inmates properly screened by medical personnel.[2] *Id.*

The Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is

---

[1] Scabies is a contagious, intensely itchy skin condition caused by tiny, burrowing mites.

[2] Even though Warden Peterson is not specifically identified as a defendant, he is discussed in the Statement of Facts, Docket Entry No. 1 at 5, and listed as someone from whom the plaintiff hopes to obtain damages. *Id* at 6.

a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

The outbreak of an infectious condition creates an unhealthy environment. The defendants' policies towards the treatment of female prisoners has allegedly led to such an environment. The plaintiff has, therefore, stated a colorable claim for relief. 28 U.S.C. § 1915A.

Accordingly, the Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant. The plaintiff will complete the service packets and return them to the Clerk's Office within **twenty one (21) days** of the date of receipt of this order.

Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is further forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is directed to send a copy of this order to the Warden of the Metro Davidson County Detention Facility to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

ENTER this 18th day of September 2017.

_____
Aleta A. Trauger
United States District Judge